Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| UNIVERSAL INSURANCE COMPANY Y *FIRST BANK* **Apelante** V. ESTADO LIBRE ASOCIADO DE PUERTO RICA Y OTROS **Apelado** | KLAN202400941 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez  Civil. Núm. MZ2023CV01669  Sobre: Impugnación de Confiscación |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Hernández Sánchez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 5 de diciembre de 2024.

El 18 de octubre de 2024, Universal Insurance Company (Universal) y Firstbank Puerto Rico (Firstbank) (en conjunto, los apelantes) comparecieron ante nos mediante recurso de *Apelación* y solicitaron la revisión de la *Sentencia* emitida el 16 de septiembre de 2024 y notificada el 19 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala de Mayagüez (TPI). Mediante el aludido dictamen, el TPI determinó que, a la fecha de la incautación vehicular, a saber, el 18 de mayo de 2023, Firstbank no demostró tener un interés propietario que le brindara legitimación activa para presentar la demanda de impugnación de confiscación. En consecuencia, desestimó, con perjuicio, la Demanda que presentó dicha parte. A su vez, declaró Ha Lugar la solicitud de desistimiento que presentó Universal por lo cual ordenó el archivo de su reclamación con perjuicio.

Por los fundamentos que expondremos a continuación, ***revocamos*** el dictamen recurrido.

Número Identificador

SEN2024 _____

I.

El 25 de septiembre de 2023, la parte apelante presentó una *Demanda* sobre impugnación de confiscación en contra del Estado Libre Asociado de Puerto Rico (ELA o apelado), el Secretario de Justicia y el Superintendente de la Policía de Puerto Rico.[1] Mediante esta, alegó que fue notificada sobre la confiscación por parte del ELA de un automóvil marca Jeep Grand Cherokee del 2023, con tablilla KCI-234, sobre el cual tenía interés. Puntualizó que el interés de Firstbank en el presente caso surgía por el hecho de que en el contrato de compraventa del vehículo se estipulaba un gravamen anotado a su favor en el Registro de Automóviles del Departamento de Obras Públicas. Además, planteó que el interés de Universal en la presente controversia surgía debido a que esta tenía una póliza de seguros expedida para cubrir el riesgo de confiscaciones a favor de la entidad bancaria. De este modo, indicó que el asegurado, el señor Jonathan Ruiz Irizarry[2], tenía un balance pendiente de pago por motivos del contrato de venta condicional del vehículo confiscado.

Por su parte, el 1 de noviembre de 2023, el ELA presentó su *Contestación a Demanda*.[3] En dicho escrito, alegó afirmativamente que un vehículo similar al descrito por la *Demanda* fue confiscado en Mayagüez, Puerto Rico, pero negó el resto de las alegaciones.

Luego de varios trámites procesales, el 8 y 9 de febrero de 2024, la parte apelante presentó mociones informativas para acreditar su legitimación en el pleito de epígrafe.[4] Acompañó a estos escritos los siguientes documentos: Certificado de Título, Licencia del Vehículo, el Contrato de Compraventa, y la Solicitud para Registración de Vehículos de Motor ante el DTOP.

---

[1] Véase, págs. 11-15 del apéndice del recurso.
[2] Michael José Marrero García, según la carta de Justicia.
[3] Véase, págs. 16-20 del apéndice del recurso.
[4] Id., págs. 21-26.

El 12 de febrero de 2024, el TPI celebró la vista de legitimación activa. Según surge de la *Minuta* de dicha vista,[5] la parte apelante solicitó el desistimiento de Universal y la legitimación activa de Firstbank. No obstante, el ELA se opuso a la legitimación activa de Firstbank. Argumentó que los documentos eran posteriores a la confiscación, por lo cual no debían ser admitidos. En cuanto a ello, la parte apelante argumentó que el título y el registro del vehículo señalan la fecha del 22 de febrero de 2023, por consiguiente, no eran posteriores.

Así las cosas, el 16 de septiembre de 2024 y notificada el 19 de septiembre de 2024, el TPI emitió su *Sentencia*.[6] Mediante esta, realizó las siguientes determinaciones de hechos:

1. El 18 de mayo de 2023, el Estado ocupó y confiscó el vehículo marca Jeep, modelo Grand Cherokee, color blanco, año 2023, por alegadamente haberse utilizado en violación a los artículos 404 y 412 de la Ley de Sustancias Controladas y artículo 3.23 de la Ley 22.

2. Al momento de la confiscación la parte demandante no tenía un gravamen inscrito a su favor en Registro de Automóviles del Departamento de Trasportación y Obras Públicas.

3. Al momento de la Confiscación la parte demandante no aparecía como dueño en el Registro de Automóviles del Departamento de Trasportación y Obras Públicas.

A base de estas determinaciones de hechos, el TPI concluyó que la parte apelante incumplió con probar mediante preponderancia de la prueba su interés en el vehículo confiscado. Determinó que el Contrato de Compraventa, la Solicitud de Registración de Vehículos de Motor y la Licencia Provisional emitida por Triangle Dealers constituyeron prueba de referencia en vista de que no fueron autenticadas por un testigo. No obstante, admitió el Certificado de Título por ser un documento fehaciente. Aun así, expresó que el documento "no habla por sí solo", considerando que

---

[5] Id., págs. 27-28.
[6] Id. págs. 1-10.

contenía varias fechas por lo cual era necesario que la parte apelante trajera un testigo para aclarar su contenido. Por ende, el TPI coincidió con el ELA en que la fecha de expedición del Certificado de Titulo fue el 1 de noviembre de 2023, posterior a la confiscación del vehículo. Por los motivos antes expresados, desestimó la Demanda de Firstbank con perjuicio. A su vez, declaró Ha Lugar la solicitud de desistimiento que presentó Universal y ordenó el archivo de su reclamación con perjuicio.

Inconforme, el 18 de octubre de 2024, la parte apelante presentó el recurso de epígrafe y le imputó al TPI la comisión del siguiente error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE MAYAGÜEZ, AL DETERMINAR QUE LA PARTE APELANTE NO POSEE LEGITIMACIÓN ACTIVA PARA PRESENTAR LA DEMANDA DE AUTOS AUN SIENDO FIRSTBANK PUERTO RICO EL TITULAR DEL VEHICULO CONFISCADO.**

Atendido el recurso, el 21 de octubre de 2024, emitimos una *Resolución* concediéndole a la parte apelada hasta el 8 de noviembre de 2023 para presentar su alegato en oposición. Oportunamente, el ELA presentó su *Alegato* y negó que el TPI cometió el error que la parte apelante le imputó. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto ante nos. *Veamos.*

II.

**-A-**

En lo pertinente, una controversia no es justiciable cuando una de las partes carece de legitimación activa. *Bathia Gautier v. Gobernador*, 199 DPR 59, 68-69 (2017). La legitimación activa se refiere a "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante". Íd. citando a R. Hernández Colón, *Practica jurídica de Puerto Rico; derecho procesal civil*, 6ta ed., San Juan,

LexisNexis de Puerto Rico, 2017, pág. 121. La legitimación activa tiene como propósito demostrar al foro adjudicador que el interés del demandante en el pleito es de tal índole que, con toda probabilidad, proseguirá su causa de acción de manera vigorosa. *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360, 371 (2002).

Para demostrar la existencia de legitimación activa, el promovente tiene que establecer que: (1) ha sufrido un daño claro y palpable; (2) el referido daño es real, inmediato y preciso, no abstracto ni hipotético; (3) existe una conexión entre el daño sufrido y la causa de acción ejercitada; y (4) la causa de acción surge al palio de la Constitución o de una ley. *Bathia Gautier v. Gobernador, supra,* pág. 69; *Torres Montalvo v. Gobernador ELA,* 194 DPR 760, 767 (2016). En cuanto al requisito del daño, se requiere que este sea determinado y particular, pues si el daño es generalizado y compartido con el resto de la ciudadanía no se le otorgará legitimación activa a la parte demandante. *Romero Barceló v. ELA,* 169 DPR 460, 471 (2006).

**-B-**

La confiscación es "el acto de ocupación que lleva a cabo el Estado de todo derecho de propiedad sobre cualesquiera bienes que hayan sido utilizados en relación con la comisión de determinados delitos". *Figueroa Santiago et als. v. ELA*, 207 DPR 923 (2021). El proceso de confiscación tiene dos modalidades, a saber: la acción *in personam* y la acción *in rem. Coop. Seg. Múlt. v. ELA,* 180 DPR 655, 664 (2011). La segunda se define como un proceso civil en el que se va directamente contra la cosa a ser confiscada, separándola procesalmente del encausamiento criminal contra el presunto deudor del delito. Íd. Los elementos necesarios para determinar si procede una confiscación bajo la modalidad *in rem* son: (1) la existencia de prueba suficiente y preponderante de que se ha

cometido un delito; y (2) un nexo entre la comisión del delito y la propiedad confiscada. *Díaz Ramos v. ELA,* 174 DPR 194, 203 (2008).

La Ley Núm. 119-2011, según enmendada, mejor conocida como la *Ley Uniforme de Confiscaciones de 2011*, 34 LPRA sec. 1724 *et seq.* (Ley Núm. 119-2011) se aprobó para regular el procedimiento de confiscaciones. Mediante el referido estatuto, el legislador estableció un trámite justo, expedito y uniforme para que el Estado pueda llevar a cabo las confiscaciones. *Flores Pérez v. ELA, supra,* 146-147. Según el Art. 9 de la referida ley:

> [e]stará sujeta a ser confiscada, a favor del Gobierno de Puerto Rico, toda propiedad que resulte, sea producto o se utilice, durante la comisión de delitos graves y de aquellos delitos menos graves en los que por ley se autorice la confiscación, cuando tales delitos graves y menos graves se encuentren tipificados en el Código Penal de Puerto Rico, en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito y de embarcaciones; así como en otras leyes y en aquellos estatutos confiscatorios en los que por ley se autorice la confiscación. Toda propiedad que esté sujeta a una sentencia de confiscación que así lo autorice, será confiscada a favor del Gobierno de Puerto Rico. 34 LPRA sec. 1724f.

Por otro lado, el Art. 8 de la Ley Núm. 119-2011 dispone que:

> [e]l proceso de confiscación será uno civil dirigido contra los bienes e independiente de cualquier otro proceso de naturaleza penal, civil o administrativa que se pueda llevar contra el dueño o el poseedor de los bienes ocupados bajo las disposiciones de cualquier ley que autorice la confiscación de bienes por parte del Estado. 34 LPRA sec. 1724e.

Ahora bien, el proceso de confiscación en la modalidad *in rem* tiene una marcada naturaleza criminal. *Coop. Seg. Múlt. v. ELA, supra,* pág. 664. Lo anterior, tomando en consideración que, aunque la acción se denomine como civil y se considere que es independiente a la causa criminal, el objetivo de este tipo de confiscación, al igual que el de un proceso criminal, es penalizar por la comisión de un delito. Íd., citando a *Plymouth Sedan v. Pennsylvania,* 380 US 693 (1965). Al respecto, el Tribunal Supremo ha expresado que "como

toda ley civil relacionada indirectamente con la comisión de un delito, su ánimo correctivo parte del supuesto de una persona culpable de su infracción". *Coop. Seg. Múlt. v. ELA, supra,* pág. 667. En ese sentido, explica que la conexión entre el proceso de confiscación *in rem* y la conducta criminal base y el autor de dicha conducta criminal estriba en que "[e]l derecho del Estado de tomar posesión de la cosa surge del mal uso que se le haya dado a ésta". Íd., págs. 667-668.

Por otra parte, es preciso señalar que, la Ley Núm. 119-2011, *supra,* aspiró a "salvaguardar los derechos constitucionales de los dueños de los bienes confiscados" y estableció quienes estaban autorizados para instar una demanda de impugnación. *Mapfre v. ELA,* 188 DPR 517, 527 (2013). A tal efecto, el Art. 13 de la referida ley dispone que se notificará la confiscación a las siguientes personas:

> a) a la persona que tuviere la posesión física del bien al momento de la ocupación;
> b) a aquéllas que por las circunstancias, información y creencia, el Director Administrativo considere como dueños de dicho bien;
> c) en los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito;
> d) en los casos de bienes inmuebles se notificará, además, al dueño, según consta en el Registro de la Propiedad del municipio donde ubica el bien y a la institución hipotecaria que a la fecha de la ocupación aparezca en dicho Registro como acreedor hipotecario del bien. 34 LPRA sec. 1724j.

A su vez, el Art. 15 de la referida ley establece que:

> Las personas notificadas, según lo dispuesto en esta Ley y que demuestren ser dueños de la propiedad, podrán impugnar la confiscación dentro de los treinta (30) días siguientes a la fecha en que se reciba la notificación, mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico, y el funcionario que autorizó la ocupación, debiéndose emplazar al Secretario de Justicia dentro de los quince (15) días siguientes a la fecha en que se presentó la demanda. [...]
> Presentada la contestación a la demanda, el Tribunal ordenará una vista sobre legitimación activa para

establecer si el demandante ejercía dominio y control sobre la propiedad en cuestión antes de los hechos que motivaron la confiscación. De no cumplir con este requisito, el Tribunal ordenará la desestimación inmediata del pleito.

Para fines de esta Ley se considerará "dueño" de la propiedad una persona que demuestre tener interés propietario en la propiedad incautada, incluyendo una persona que posea un gravamen sobre dicha propiedad a la fecha de ocupación de la propiedad incautada, o una cesión válida de tal interés propietario. 34 LPRA sec. 1724l.

En síntesis, para salvaguardar los derechos constitucionales de las personas que demuestren tener un interés propietario en la propiedad incautada o poseen un gravamen sobre la propiedad al momento de su ocupación, el Art. 15 de la Ley Núm. 119-2011 provee para que estos puedan impugnar la acción confiscatoria del estado mediante una demanda de impugnación. *Mapfre v. ELA*, *supra*, pág. 534.

III.

Mediante su único señalamiento de error, la parte apelante sostuvo que el TPI erró al determinar que FirstBank no poseía legitimación activa para instar la demanda que nos ocupa. Particularmente argumentó que el Art. 15 de la Ley Núm. 119-2011, *supra*, disponía que para tener legitimación activa se tiene que demostrar un interés propietario en la propiedad incautada y no requiere el requisito formal de la inscripción. En este sentido, aseveró que tenía un Certificado de Título y Contrato de Compraventa a su favor con fecha posterior a la ocupación del vehículo de interés. En virtud de ello, concluyó que conforme a las disposiciones del referido artículo tenía legitimación activa para impugnar la confiscación.

Por su parte, el ELA planteó que la parte apelante carecía de legitimación activa por no demostrar que tenía un gravamen inscrito previo a la ocupación vehicular. Por lo cual, sostuvo que el TPI no incidió al desestimar la reclamación con perjuicio. Es preciso

puntualizar que, en su oposición al recurso, el ELA argumentó sobre el contrato de venta al por menor a plazos y el Formulario DTOP-770 pero no sobre la fecha de registro que obra en el Certificado de Título.

Ahora bien, la parte apelante para demostrar su legitimación activa para impugnar la confiscación presentó cuatro documentos ante el TPI.[7] De estos documentos, el TPI determinó que el Contrato de Compraventa, la Solicitud de Registración de Vehículos de Motor y la Licencia Provisional constituían prueba de referencia toda vez que no fueron autenticados por un testigo. **No obstante, admitió el Certificado de Título por ser un documento fehaciente**. A pesar de esto, expresó que el documento contenía varias fechas por lo cual era necesario que la parte apelante trajera un testigo para explicar su contenido. Como resultado, el TPI determinó que Firstbank no demostró tener interés propietario sobre la propiedad incautada para la fecha de ocupación, a saber, el 18 de mayo de 2023, y desestimó la demanda de impugnación.

Mencionado lo anterior, en el caso que nos ocupa, el TPI tenía que resolver si la parte apelante poseía legitimación activa para impugnar la acción confiscatoria del Estado conforme a lo resuelto por el Tribunal Supremo en el caso *Mapfre v. ELA, supra*. Mediante el Certificado de Título, Firstbank demostró ostentar un gravamen sobre el vehículo incautado para la fecha de ocupación. Según el documento, resulta claro que **la fecha de registro del vehículo es el 22 de febrero de 2023**. La ocupación del vehículo se llevó a cabo el 18 de mayo de 2023, una fecha posterior a la fecha de registro del Certificado de Título. Por lo cual, revocamos el dictamen recurrido a tenor con lo resuelto en *Mapfre v. ELA, supra.*

IV.

---

[7] Certificado de Título, Licencia del Vehículo, el Contrato de Compraventa, y la Solicitud para Registración de Vehículos de Motor ante el DTOP.

Por los fundamentos antes expuestos, ***revocamos*** el dictamen recurrido y devolvemos el caso al Tribunal de Primera Instancia para que continué con los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones